UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61737-CIV-ZLOCH

POMPANO HELICOPTERS, INC.,

    Plaintiff,

vs.                                            **FINAL ORDER OF DISMISSAL**
                                            **AS TO COUNTS I, II, & III**

WESTWOOD ONE, INC.,

    Defendant.
_____/

    THIS MATTER is before the Court upon Defendant Westwood One, Inc.'s Motion To Dismiss Plaintiff's Complaint (DE 4).  The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Defendant moves to dismiss the above-styled cause pursuant to Federal Rule of Civil Procedure 12(b)(6) and raises two arguments in support of the instant Motion.  First, Defendant argues that Plaintiff's Complaint (DE 1) is time-barred by the applicable statutes of limitation.  Second, Defendant asserts that a prior state court holding renders the above-styled cause meritless because of its alleged <u>res judicata</u> effect.[1]

    The Court notes that only a generalized statement of facts needs to be set out to comply with the liberal pleading requirements of the Federal Rules of Civil Procedure.  <u>See</u> Fed. R.

---

[1] <u>Pompano Helicopters, Inc. v. Metro Networks Commc'ns, Inc.</u>, et al., Case No. 02-006146, 17th Cir. Ct., Broward Co., Fla.

Civ. P. 8(a).  The Supreme Court recently abrogated its test for determining the sufficiency of a complaint as formulated in Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  See Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955 (2007).  In Twombly, the Court stated that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.  The Court further explained that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." Id. (quotations omitted)

Regarding the statutes of limitation issue raised by the instant Motion, Plaintiff's Complaint (DE 1) alleges that "all of the events complained of in each of the counts set forth hereinbelow . . . occurred from 2002 through and including 2005." DE 1, ¶ 14.  Plaintiff's Complaint asserts a general allegation that the conduct in question occurred from 2002 through 2005. Counts I, II, and III, which are all tortious interference of contract claims, include specific allegations as to the time of the breach that contradict the general allegation quoted above.

Count I involves an allegation that Defendant interfered with a non-compete agreement. Regarding Count I, Plaintiff states,

> That in or about February/March of 2000 the Defendant, WESTWOOD, through its agents, directors and officers and the agents directors and officers of METRO, undertook to recruit and procure LENTZ as an employee of METRO and depriving the Plaintiff of LENTZ's services.

DE 1, ¶ 21.  Plaintiff's specific allegation that the conduct in

2

question occurred in "February/March of 2000" conflicts with its blanket statement that all of the events "occurred from 2002 through and including 2005." DE 1, ¶¶ 14, 21.

Where a general allegation of facts conflicts with a specific allegation of facts, the Court finds that the specific allegation is to be taken as true for purposes of a motion to dismiss. See Twombly, 127 S.Ct. at 1967 ("a district court must retain the power to insist upon some specificity in pleading") (quoting Assoc. Gen. Contractors of Cal., Inc. v. Carpenters, 459 U.S. 519, 528, n. 17 (1983)). Thus, taking the facts alleged in the Complaint as true, the alleged conduct giving rise to the claim in Count I occurred, at the latest, in March of 2000. The above-styled cause was filed in state court on October 19, 2007, over seven years later. See DE 1. The statute of limitations for Count I, a tortious interference of contract claim, is four years under Florida Statutes § 95.11(3)(o). Thus, Count I is barred by the statute of limitations.

Count II involves an allegation that Defendant caused a third-party to breach a non-compete agreement. Regarding Count II, Plaintiff states,

> WESTWOOD, in or about October 2000, directly and indirectly, through its agents, officers, directors and personnel and via instructions, directives and orders given to agents, officers, directors and personnel of METRO caused METRO to break and breach the several agreements which METRO had with Plaintiff.

DE 1, ¶ 28. Thus, the alleged conduct giving rise to the claim

3

occurred, at the latest, in October of 2000, approximately seven years after the filing of the above-styled cause. See DE 1. The statute of limitations for Count II, a tortious interference of contract claim, is four years under Florida Statutes § 95.11(3)(o). Thus, Count II is barred by the statute of limitations.

Count III also involves an allegation that Defendant interfered with a non-compete agreement. Regarding Count III, Plaintiff states,

> WESTWOOD, in or about October 2000, directly and indirectly, through its agents, officers, directors and personnel and via instructions, directives and orders given to agents, officers, directors and personnel of METRO, interfered with the aforesaid contract between Plaintiff and ANTHONY in that, inter alia, it communicated directly with ANTHONY and AHI, disparaged, maligned and impugned the name, reputation and financial standing of the Plaintiff and its principal officers, directors and stockholders to ANTHONY and its representative.

DE 1, ¶ 36. Thus, the alleged conduct giving rise to the claim occurred, at the latest, in October of 2000. The above-styled cause was filed in state court on October 19, 2007, approximately seven years later. See DE 1. The statute of limitations for Count III, a tortious interference of contract claim, is four years under Florida Statutes § 95.11(3)(o). Thus, Count III is barred by the statute of limitations.

Counts IV, V, VI, and VII allege no facts in contravention of the general allegation claiming the relevant events took place between 2002 and 2005. Thus, taking the facts as alleged in the Complaint as true, it is probable that the remaining Counts are not

4

barred by the applicable statutes of limitation.  The Court notes that the statutes of limitation issues raised in the instant Motion, with respect to the remaining counts, would be more properly resolved on a Rule 12(b)(1) Motion or a Motion For Summary Judgment, when discovery will present the Court with a full record upon which it may address and decide said issues.

Turning to Defendant's argument that the above-styled cause should be dismissed because of the res judicata effect of a prior state court ruling, the Court finds this argument is without merit. Plaintiff previously initiated litigation against Metro Networks Communications, Inc. and Stephen D. Lenz in the Seventeenth Judicial Circuit in Broward County, Florida.[2] On October 11, 1007, Plaintiff moved to add Westwood, Inc. as a defendant in that case. The Honorable Leroy H. Moe denied the motion as untimely.  Thus, Judge Moe's order was not on the merits.  Therefore, the state court proceeding has no res judicata effect on the above-styled cause.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendant Westwood One, Inc.'s Motion To Dismiss Plaintiff's Complaint (DE 4) be and the same is hereby **GRANTED** in part and **DENIED** in part as follows:

1. To the extent Defendant Westwood One, Inc.'s Motion To Dismiss Plaintiff's Complaint (DE 4) seeks to dismiss Counts I, II,

---

[2] Pompano Helicopters, Case No. 02-006146, supra fn. 1.

and III of Plaintiff Pompano Helicopter's Complaint (DE 1), it be and the same is hereby **GRANTED**;

 2. Counts I, II, and III of Plaintiff Pompano Helicopter's Complaint (DE 1) are hereby **DISMISSED**; and

 3. In all other respects, the instant Motion (DE 4) be and the same is hereby **DENIED**.

 **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___3rd___ day of April, 2008.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record