UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61737-CIV-ZLOCH

POMPANO HELICOPTERS, INC.,

    Plaintiff,

vs.                                   **O R D E R**

WESTWOOD ONE, INC.,

    Defendant.
_____/

THIS MATTER is before the Court upon Defendant Westwood One, Inc.'s Motion For Summary Judgment (DE 60). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

Before turning to the facts of this action, the Court desires to state clearly the calculus that went into distilling the Parties' two contrary versions of the facts into one. Along with its instant Motion, Defendant filed its Undisputed Statement Of Facts (DE 60-2) as required by Local Rule 7.5. It is necessary to draw Plaintiff's attention to the text of that Local Rule concerning the form and substance that responses in opposition to summary judgment must take. Local Rule 7.5 states, quite clearly, that papers opposing a summary judgment motion "shall include a memorandum of law, necessary affidavits, and a single concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried." S.D. Fla. L.R. 7.5.B. The statement of material facts submitted in opposition to a motion for summary judgment must correspond with the order and paragraph

numbering scheme used by the movant.  Id. 7.5.C.  Any additional facts that the non-moving party contends are material are to be likewise numbered and placed below.  Id.  This rule "ensure[s] that statements of material facts filed by movants and opponents shall correspond with each other in numerical order so as to make review of summary judgment motions less burdensome to the Court."  Local Rule 7.5 Comments (2008 Amendment).

Rather than controvert Defendant's Statement with responses that correspond with the numbering scheme used by Defendant, Plaintiff submitted its own version of the facts and its own numbering scheme.  DE 68.  At times Plaintiff references Defendant's Statement by paragraph number when it wants to discuss the Statement directly, and at others, Plaintiff simply discusses facts that do not correspond with Defendant's Statement.

Local Rule prescribes the proper course for Plaintiff's failure to controvert Defendant's Statement.  All facts stated therein and supported by the record are deemed admitted by Plaintiff based on its failure to controvert the same.  S.D. Fla. L.R. 7.5.D.  Because Plaintiff did not abide by Local Rule 7.5 regarding its Statement Of Disputed Material Facts (DE 68), by operation of the same Local Rule Defendant's uncontroverted facts are deemed admitted to the extent supported by the record.  Id. The Eleventh Circuit has upheld this Rule.  Digioia v. H. Koch & Sons, 944 F.2d 809, 811 n.6 (11th Cir. 1991) (upholding operation of former Local Rule 10.J.2, the predecessor to 7.5.D.); Calmaquip

Eng'g W. Hemisphere Corp. v. W. Coast Carriers, Ltd., 650 F.2d 633, 636 (5th Cir. Unit B Jul. 1981) (same).[1]  Therefore, the Court shall deem admitted all facts contained in Defendant's Statement, and summary judgment is appropriate.

However, for the benefit of the Parties and any reviewing Court, the Court will proceed with its analysis as though Plaintiff complied with Local Rule 7.5.  This Motion boils down to whether the applicable statutes of limitation prevent the Court from exercising jurisdiction over Plaintiff's claims.  The Court finds that Plaintiff's claims are stale, and no principle of law or equity permits tolling the statutes of limitation.  Thus, the Court finds all claims are time-barred.  Even if Plaintiff's claims were not barred, no showing has been made sufficient to pierce the corporate veil.  Therefore, the Court shall grant Defendant's Motion For Summary Judgment.

## I. Background

Plaintiff Pompano Helicopters, Inc. (hereinafter "Pompano") and Defendant Westwood One, Inc. (hereinafter "Westwood") are both involved in the business of helicopter videography services.[2] Pompano provides helicopters, pilots, and equipment necessary for

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2] Unless otherwise noted, these facts are taken from Defendant's Statement Of Undisputed Material Facts (DE 60-2) and are undisputed.

helicopter videography. Westwood is a publicly traded company headquartered in New York, and it wholly owns non-party Metro Networks, Inc. (hereinafter "Metro"). Metro provides traffic-reporting services, including helicopter videography, and it used to have contracts with Pompano, which provided the helicopters, equipment, service, and support necessary for Metro carry out its traffic-reporting business in Florida, Alabama, and Texas.

In 2000, the relationship began to break down. Metro terminated contracts with Pompano during a period between October of 2000 and May 2, 2002. DE 60-2, ¶¶ 14-17. On April 30, 2000, an allegedly defamatory statement was posted on the Internet. Id. ¶ 29. Pompano further contends that Stephen Lenz, a former vice president of Pompano, was recruited by Westwood, acting through Metro, in March of 2000 and left Pompano's employ in June of 2000. At the time of his departure, Pompano claims he stole several of its trade secrets, and that they are still being used by Westwood. DE 68, ¶ 6.

Prior to this case reaching federal court, Pompano filed a lawsuit against Metro in the Seventeenth Judicial Circuit for Broward County, Florida on March 28, 2002. Case No. 02-006146(13). On September 21, 2007, Pompano filed a motion to add Westwood as a defendant. DE 4, Ex. D. That motion was denied on October 12, 2007, and Pompano filed a separate lawsuit against Westwood in the Seventeenth Circuit one week later. DE 4, Exs. B & E. Thereafter, Westwood timely removed this on the basis of diversity on November

4

29, 2007. However, all of the conduct for which Pompano seeks redress, occurred long ago, and it is the identical conduct for which Pompano seeks redress against Metro in Case No. 02-006146(13).

None of the conduct forming the basis of Pompano's Complaint occurred after May of 2002. However, Pompano argues that several legal and equitable doctrines vest the Court with jurisdiction. Specifically, Pompano argues that Westwood's theft of its trade secrets constitutes a continuing tort. Further, Pompano claims it did not discover the relationship between Westwood and Metro until the February 2005 deposition of Westwood's senior executive Donald LaPlatney, who testified that Westwood and Metro are "essentially the same company." DE 68, Ex. 1, pp 7-8, 44. Thus, Pompano relies on this assertion for purposes of the statutes of limitation even though from 2000 to 2002 Pompano received, as compensation for its services provided to Metro, payment by checks containing the title "Westwood One" in the upper left-hand corner. Further, Pompano waited until September of 2007 to pursue claims against Westwood despite, by its assertions, learning of the relationship between Westwood and Metro in February of 2005. In essence, the Parties agree as to the dates upon which certain events occurred, but they dispute when the statutes of limitation begin to run.[3]

---

[3] By prior Order (DE 19), the Court dismissed Counts I, II, and III, finding that they were time-barred by the applicable statutes of limitation. The following claims remain: Count IV (slander), Count V (unfair trade practices), Count VI (breach of

## II. Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see also Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quotation omitted). Indeed,

> the moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment.

Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991); Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an essential element of the case to which the non-moving party has the

---

contract), and Count VII (wrongful taking of trade secrets).

burden of proof.  Celotex Corp., 477 U.S. at 322; Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987).  Further, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### III. Analysis

All of the conduct relevant to this action occurred by May of 2002.  Given that the Complaint was filed in November of 2007, Pompano's claims require a limitation period in excess of five years to remain viable.  The longest limitation period for Pompano's claims is four years.  However, Pompano asserts that the following doctrines support tolling the statutes of limitation: 1) delayed discovery, 2) continuing tort, and 3) equitable tolling.[4]

Specifically, Pompano asserts that the delayed discovery doctrine applies to Counts V, VI, and VII, and that the respective statutes of limitation did not begin to run until February of 2005 when Donald LaPlatney testified that Westwood One and Metro are really one and the same company.  Pompano further asserts that equitable tolling applies to Counts V and VI, and the continuing tort doctrine applies to Count V, such that the limitation period

---

[4] Additionally, Pompano alleges that all of Westwood's defenses should be stricken because Westwood has "unclean hands."  This allegation relates to whether counsel for Westwood wrongfully gained access to privileged sources of information from Pompano through Pompano's former employee, Daniel Pryor.  The Court previously resolved the issue in its Order (DE 156) finding that Westwood's counsel stood above reproach.

did not begin to run until February of 2005.

### A. Count IV - Slander

Pompano alleges in Count IV that Westwood, through Metro, made false and defamatory statements with the intention of harming Pompano's business. The statute of limitations for a slander claim is two years. Fla. Stat. § 95.11(4)(g) (2009). All of the alleged defamatory statements were made by May 10, 2002. Pompano offers no doctrine other than "unclean hands" in support of tolling the limitation period. Because the Court previously found no unclean hands on the part of Westwood or its counsel, there is no legal or equitable method for tolling the two-year limitation period. Therefore, Count IV is time-barred.

### B. Count V - Unfair Trade Practices

Count V alleges that Westwood, through Metro, engaged in unfair methods of competition, including the theft of Pompano's trade secrets. The Florida Deceptive and Unfair Trade Practices Act has a four-year statute of limitations. Fla. Stat. § 95.11(3)(f) (2009). The delayed discovery doctrine does not apply to unfair trade practice claims. Yusuf Mohamad Excavation, Inc. v. Ringhaver Equipment, Inc., 793 So. 2d 1127, 1128 (Fla. Dist. Ct. App. 2001). Pompano offers no argument on this point. DE 67, p. 12.

Instead, Pompano argues that the continuing tort doctrine applies and cites Suarez v. City of Tampa, 987 So. 2d 681, 685 (Fla. Dist. Ct. App. 2008). Pompano contends that Westwood's theft

8

of trade secrets and interference with its contracts constitute continuing torts. Suarez held that a continuing tort is "established by continual tortious acts, not by continual harmful effects from an original, completed act." Id. at 686. Even assuming Westwood did engage in such conduct, it was a one-time event. Although Pompano may still feel the effects of that prior act, it does not constitute a continuing tort. Because none of the conduct, or tortious acts, alleged in the Complaint occurred after May of 2002, the continuing tort doctrine does not apply to this case.

Finally, Pompano asserts that equitable tolling applies because Pompano conducted itself in a reasonably prudent manner but nonetheless failed to discover the connection between Westwood and Metro within the statutes of limitation for this action. Equitable tolling accommodates "both a defendant's right not to be called upon to defend a stale claim and a plaintiff's right to assert a meritorious claim when equitable circumstances have prevented a timely filing." Machules v. Dept. of Admin., 523 So. 2d 1132, 1134 (Fla. 1988). It does not require active deception or misconduct on the part of a defendant; rather, it is applied "when the plaintiff has been misled or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum." Id. None of these circumstances are present in this case.

In fact, the only basis upon which Pompano requests equitable

9

tolling is due to its failure to discover the corporate relationship between Westwood and Metro. Pompano has in no way alleged it was misled, lulled into inaction, or in an extraordinary way been prevented from asserting its rights, nor has it set forth any proof of the same. Pompano must also establish that it acted with reasonable prudence. Id. The facts relevant to this inquiry show that between 2000 and 2002 Pompano received payment from Metro through checks bearing the name "Westwood One," in the top left corner. DE 1, Ex. A-2, 3, 4, 5 & 6. Pompano also received demand letters from Metro between April 26, 2001 and May 6, 2002 containing the name "Westwood One" in the letterhead. DE 1, Exs. B, C, D, E, F, G, H, I, J, K, L & M. Thus, it is difficult to conceive why Pompano would not have engaged in some investigation to discover what relationship, if any, existed between Metro and Westwood.

Moreover, Pompano has been in litigation against Metro in state court since 2002. Surely, Pompano could have sought discovery in that case to determine the relationship of the two entities prior to 2005. A simple interrogatory request seeking the name of any parent corporation would have revealed the relationship between Westwood and Metro. But it is clear that Pompano did not actively seek that discovery, and this does not present "equitable circumstances [that have] prevented a timely filing." Machules, 523 So. 2d at 1134. The Court will not reward Pompano's misfeasance at the expense of Westwood. The Court is also mindful

of its countervailing obligation to accommodate "a defendant's right not to be called upon to defend a stale claim." Id. Given Pompano's lack of equitable circumstances in support of equitable tolling and Westwood's right to close the door on stale claims, the Court finds that Count V is not subject to equitable tolling; therefore, it is barred by the statute of limitations.

### C. Count VI - Breach of Contract

Count VI alleges that Westwood caused Metro to breach its contracts with Pompano. Texas law governs claims under the Parties' contracts based on the contracts' choice-of-law provision. See e.g., DE 1-2, ¶ 17. And the applicable statute of limitations for a breach of contract under Texas law is four years. Tex. Civ. Prac. and Rem. Code Ann. § 16.051. The last purported breach occurred on May 10, 2002, however, Pompano asserts the delayed discovery doctrine and equitable tolling in support of the Court's jurisdiction.

The Court finds that neither the delayed discovery doctrine, nor equitable tolling apply to Count VI. First, the delayed discovery doctrine is the exception to the general rule in Texas that the limitation period begins to run at the time a breach occurs. Moreno v. Sterling Drug, Inc., 787 S.W.2d 348, 351 (Tex. 1990). The doctrine was judicially crafted to apply in cases, like medical malpractice cases, where a plaintiff did not and could not learn of an injury when it occurred. Id.

The injury to Pompano in this case is not of a latent,

11

undiscoverable nature. It involved alleged breaches of contract by Metro for early termination of the contracts it had with Pompano. Although Pompano analogizes that parent company Westwood flew under the radar and alluded discovery until February 2005, this factual scenario is insufficient to deviate from the general rule. Pompano has a duty to exercise reasonable care and diligence, and it failed to do so. Id. Based on the checks Pompano received with Westwood's logo and Metro's demand letters with Westwood's letterhead, Pompano should have been on notice long before February of 2005 that Westwood had a corporate relationship with Metro. Because Pompano failed to exercise reasonable care and diligence, the Court will not apply the delayed discovery doctrine, nor will it apply equitable tolling for the reasons expressed regarding Count V. Thus, the statute of limitations ran on Count VI.

D. Count VII - Wrongful Taking of Trade Secrets

Count VII alleges that Westwood, through Metro, stole Pompano's trade secrets, including client lists, business plans and procedures. The statute of limitations for Count VII is three years. Fla. Stat. § 688.007. It is clear that the wrongful taking of trade secrets is not a continuing tort, and Pompano concedes this. DE 67, p. 13. However, Pompano asserts that the delayed discovery doctrine applies. For the same reasons expressed above, namely Pompano's lack of diligence, the delayed discovery doctrine does not apply. Thus, Count VII is barred by the statute of limitations.

E. Piercing the Corporate Veil

Although the Court lacks jurisdiction over Counts IV, V, VI, and VII, in the alternative and for the benefit of the Parties and any reviewing court, the Court will assume some or all of Pompano's claims survive the statutes of limitation and consider whether Pompano may pierce the corporate veil so as to lodge claims directly against Westwood. The allegations in the Complaint state that Westwood's actions were carried out through Metro, its wholly owned subsidiary. In essence, Pompano seeks to pierce the corporate veil to hold Westwood liable for the actions of Metro.

The general rule is that "the corporate veil will not be pierced, either at law or in equity, unless it be shown that the corporation was organized or used to mislead creditors or to perpetrate a fraud upon them." Riley v. Fatt, 47 So. 2d 769, 773 (Fla. 1950), cited in Dania Jai Alai Palace, Inc. v. Sykes, 450 So. 2d 1114, 1119-20 (Fla. 1984). It is well settled that "[a] parent corporation and its wholly-owned subsidiary are separate and distinct legal entities." American Exp. Ins. Servs. Europe Ltd. v. Duvall, 972 So. 2d 1035, 1040 (Fla. Dist. Ct. App. 2008) (quoting Am. Int'l Group, Inc. v. Cornerstone Businesses, Inc., 872 So. 2d 333, 336 (Fla. Dist. Ct. App. 2004). Brushing aside the corporate form requires an allegation and a finding of improper use of the same. Flight Int'l Aviation Training Ctr., Inc. v. Rivera, 651 So. 2d 1265, 1266 (Fla. Dist. Ct. App. 1995); Fasco Controls Corp. v.

Goble, 688 So. 2d 1029, 1031 (Fla. Dist. Ct. App. 1997). To support an alter-ego theory of liability, Pompano must allege that the corporations were formed or used for some illegal, fraudulent, or unjust purpose. Duvall, 972 So. 2d at 1039. Pompano has neither alleged nor made a showing that Westwood or Metro were formed for an illegal purpose, or are otherwise abusing the corporate form. Therefore, Pompano has failed to make a prima facie case sufficient to pierce the corporate veil.

In conclusion, the Court finds Counts IV, V, VI, and VII are barred by the statutes of limitation, and this Court lacks jurisdiction to entertain them. Further, Pompano has failed to allege or make a prima facie case sufficient to pierce the corporate veil.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant Westwood One, Inc.'s Motion For Summary Judgment (DE 60) be and the same is hereby **GRANTED**; and

2. Final Judgment will be entered by separate Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this    29th    day of May, 2009.

/s/ William J. Zloch
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record